Carl Ballew v. The State.

No. 3048.   Decided March 8, 1905.

**1.—Slander—Charge of Court—Reputation—Reasonable Doubt.**

On a trial for slander, the defendant is not required to prove the general reputation for want of chastity of the female alleged to have been slandered, beyond a reasonable doubt, and it was error to so instruct the jury.  Approving Manning v. State, 37 Texas Crim. Rep., 180.

**2.—Same—Charge of Court—Truth of Statement—Reasonable Doubt.**

On a trial for slander, the defendant is not required to prove the truth of the alleged slander, beyond a reasonable doubt, and it was error to so instruct the jury.

**3.—Same—Charge of Court—Reputation Confined to Present Residence Too Restrictive.**

Where the evidence with reference to the reputation for chastity of a female alleged to have been slandered was confined to the place where she formerly lived, and the evidence further showed that at the time of the trial she lived in a different place and community, it was error to charge the jury that if they believed from the evidence that such reputation was bad in the community in which she lived to acquit, as it was too restrictive, and defendant was entitled to a charge as to her reputation at her former place of residence.  Approving Crane v. State, 30 Texas Crim. App., 464.

Appeal from the County Court of Navarro.  Tried below before Hon. A. B. Graham.

Appeal from a conviction of slander; penalty, a fine of $100.

The opinion states the case.

*W. W. Ballew,* for appellent.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Upon conviction under information charging slander, appellant was fined $100:  The State's case was that he stated to witness Chunn, that "Miss Pearle Bowmer was knocked up."  This is explained in the pleading as "thereby meaning she was pregnant."  Appellant's theory was that he had stated he had heard, or it was reported, Miss Pearle Bowmer was knocked up; and did not state as a matter of fact that she was, but simply repeated the rumor of the neighborhood.  The evidence shows that there was a great deal of talk in the neighborhood to that effect: the State contending that the rumor occurred subsequent to appellant's statement—while his testimony, from quite a number of witnesses, shows that the rumor preceded his statement for some length of time.  Evidence in regard to the reputation for chastity of Miss Bowmer was introduced.  This rumor was in circulation at Richland, in Navarro County.  Some months prior to the trial she had moved from that county to Ellis County, and was living at Waxahachie.  The court charged the jury, "If on inquiry as to the general reputation of the female, the evidence

satisfies you beyond a reasonable doubt that her reputation for chastity is bad in the community in which she lives, then you should acquit the defendant. Or if you believe that defendant had established the truth of the alleged statement, then and in the event you will also acquit." Exception was reserved to this charge for various reasons. This charge was error. This very question was so decided in Manning's case, 37 Texas Crim. Rep., 180. This charge is further criticised because it limited the investigation of reputation in this regard to the community where she then lived, which, under the facts was in Ellis County, in the city of Waxahachie. This charge was too restrictive. He was entitled to a charge as to her reputation at Richland, in Navarro County; and the only evidence introduced as to her reputation for chastity was in the Richland neighborhood, and not at Waxahachie. Appellant's contention in this regard is fully sustained by Crane v. State, 30 Texas Crim. App., 464.

It is not necessary to discuss the matters with reference to the alleged newly discovered testimony, as all these witnesses can be obtained upon another trial.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.